**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

**H-D U.S.A., LLC and HARLEY-DAVIDSON**
**MOTOR COMPANY GROUP, LLC,**

Case No.

        Plaintiffs,

    vs.

**URBAN OUTFITTERS, INC.**,

        Defendant.

---

## COMPLAINT

---

Plaintiffs H-D U.S.A., LLC and Harley-Davidson Motor Company Group, LLC (Plaintiffs and their predecessors in interest, together with their parents, subsidiaries, and affiliated companies are collectively referred to as "Harley-Davidson"), by their undersigned attorneys, allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters:

### NATURE OF THE ACTION

1.　This is a civil action for trademark infringement, trademark dilution, false advertising, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Wisconsin statutory and common law. Harley-Davidson seeks equitable and monetary relief from Urban Outfitters, Inc.'s ("Defendant") willful violations of Harley-Davidson's trademark rights in its famous and federally registered HARLEY-DAVIDSON, Bar & Shield Logo, and HARLEY marks (the "Harley-Davidson Marks").

1

2.     After being placed on express notice of Harley-Davidson's trademark rights and its objections to Defendant's actions that are the subject of this Complaint, Defendant has continued to promote and sell, under its URBAN RENEWAL brand, materially altered and admittedly "reconstructed" apparel products that prominently display the famous Harley-Davidson Marks.  As shown in the representative photographs below, Defendant's products are genuine Harley-Davidson apparel products that have been "reconstructed" and materially altered in various ways, including by cutting through or mutilating Harley-Davidson's Marks, cutting off the sleeves, shredding the bottom of the shirts, cutting open the side seams of the shirts, cutting the necklines, and removing Harley-Davidson hangtags, neck tags, and/or labels and replacing them with Defendant's own branding in the form of its URBAN RENEWAL labels. Defendant's unauthorized products are flagrant violations of Harley-Davidson's standards for products branded with the Harley-Davidson Marks.

 

3.     Defendant's unlawful activities infringe and are likely to dilute and tarnish the famous Harley-Davidson Marks, constitute false advertising and unfair competition, and have

caused and will continue to cause (unless enjoined) immediate and irreparable harm to Harley-Davidson, the Harley-Davidson Marks, and the consuming public.

## THE PARTIES

4.  Plaintiff H-D U.S.A., LLC is a Wisconsin limited liability company having a principal place of business at 3700 West Juneau Avenue, Milwaukee, Wisconsin 53208, and is the owner of the trademark rights asserted in this action, i.e. the Harley-Davidson Marks.

5.  Plaintiff Harley-Davidson Motor Company Group, LLC d/b/a Harley-Davidson Motor Company is a Wisconsin limited liability company having its principal place of business at 3700 W. Juneau Avenue, Milwaukee, Wisconsin, 53208, and is a licensee of the Harley-Davidson Marks of H-D U.S.A., LLC asserted in this action.

6.  Defendant Urban Outfitters, Inc. is a corporation of Delaware having a principal place of business at 5000 South Broad Street, Philadelphia, Pennsylvania.  Defendant is not an authorized Harley-Davidson dealer or a licensee of any of the Harley-Davidson Marks.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Because the parties are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, this Court also has jurisdiction under 28 U.S.C. § 1332.  Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction because those claims are substantially related to the federal claims.

8.  This Court has personal jurisdiction over Defendant and venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b) and (c).  Harley-Davidson is

3

located and is being harmed in this District, a substantial portion of the activity about which Harley-Davidson complains has taken place in this District, and the damages suffered by Harley-Davidson were suffered, at least in part, in this District. Further, Defendant has purposefully availed itself of the privilege of acting in this District by, among other things, regularly conducting business in this District, including offering and selling its infringing products through its retail stores located in this District, advertising and promoting its infringing products to customers in this District, and providing a website with its infringing products through which customers in this District can purchase Defendant's infringing products. Venue is also proper because Defendant is subject to personal jurisdiction in this District.

### HARLEY-DAVIDSON, ITS PRODUCTS AND SERVICES, AND ITS FAMOUS TRADEMARKS

9. Harley-Davidson is a world-famous manufacturer of motorcycles and a wide variety of other products and services, including apparel products.

10. Founded in 1903, Harley-Davidson has manufactured, promoted, and sold motorcycles and related products for over 110 years.

11. Since at least as early as 1903, Harley-Davidson has used and promoted the HARLEY-DAVIDSON name and trademark in connection with motorcycles and parts and accessories.

12. Since at least as early as 1910, Harley-Davidson has used its Bar & Shield Logo (or variations thereof), including but not limited to those shown below (collectively, the "Bar & Shield Logo"), for motorcycles and related products and services.



4





13.     Since at least 1915, Harley-Davidson has used the HARLEY-DAVIDSON mark and name and Bar & Shield Logo for apparel.

14.     For decades, Harley-Davidson has also used the HARLEY trademark for a wide variety of products and services in the U.S., including apparel.

15.     For decades, Harley-Davidson has used the Harley-Davidson Marks for a full line of clothing, headwear, and footwear, including t-shirts, jackets, tank tops, and shirts.  Apparel is a significant and important part of Harley-Davidson's business.  Harley-offers (a) riding gear, t-shirts, shirts, sweatshirts, and numerous other apparel products under Harley-Davidson's MOTORCLOTHES mark, and (b) licensed apparel products, including t-shirts, made and sold by authorized licensees.

16.     Representative photographs of HARLEY-DAVIDSON apparel products are shown below.

5








17. Harley-Davidson has numerous licensees in the U.S. that are authorized to sell a wide range of merchandise, including licensees specifically for apparel products. These licensees have offered a wide variety of products under the Harley-Davidson Marks for decades.

18.     Harley-Davidson has standards and guidelines to which all authorized licensed products branded with the Harley-Davidson Marks must adhere.  These standards and guidelines allow Harley-Davidson to control the quality and appearance, among other things, of licensed products offered in connection with the Harley-Davidson Marks.  Moreover, all licensed merchandise, including apparel, is subject to Harley-Davidson's prior written approval before it is manufactured, promoted, and sold to the public.

19.     Harley-Davidson shirts that are genuine, authorized, and licensed must bear certain Harley-Davidson approved hangtags and neck tags.  These neck tags incorporate certain anti-counterfeiting measures.  Photographs of representative approved hangtags and neck tags are shown below.

 





For a dealer near you call toll free 1.800.588.2743 in the USA and Canada or use our dealer locator at www.harley-davidson.com

28.00

5504-H71R
MSS T TWO-WHEEL ODYSSEY

02/13/14

Manufactured by VF Imagewear Inc. under license from Harley-Davidson Motor Co.

9

20.     The Harley-Davidson Marks have been extensively promoted across Harley-Davidson's many product lines.  Harley-Davidson markets and sells its motorcycles and apparel products under the Harley-Davidson Marks through a network of more than 625 authorized dealers located throughout the country, and numerous other retail outlets.

21.     Harley-Davidson's apparel products are also sold through the HARLEY-DAVIDSON.COM website and authorized dealers' websites.

22.     Harley-Davidson and its dealers and licensees have sold many billions of dollars of products and services under the Harley-Davidson Marks over the years, and have expended many millions of dollars advertising and promoting those marks through virtually every media. For example, Harley-Davidson has promoted its products and marks through dealer promotions, customer events, direct mailings, national television, print, and radio advertisements, and the Internet.

23.     Harley-Davidson, its products and services, and its Harley-Davidson Marks have received significant unsolicited media coverage for many years, including, for example, in national publications such as *Business Week*, *The Chicago Tribune, The New York Times, The Wall Street Journal, The Washington Post,* and *USA Today,* as well as in numerous national television programs and online publications and websites, such as MSNBC, CNN Money, CNN.COM, and Yahoo! Finance.

24.     As a result of Harley-Davidson's significant promotional efforts, commercial success, and popularity, the HARLEY-DAVIDSON brand has been ranked annually for the past decade among the top 100 most valuable brands in the world by Interbrand, a leading independent branding firm.  In 2013, Interbrand estimated the value of the HARLEY-DAVIDSON brand at US $4.23 billion.

25.     Based on Harley-Davidson's longstanding and extensive use of the Harley-Davidson Marks, and the widespread advertising, publicity, promotion, and substantial sales of products and services under those marks, the Harley-Davidson Marks have been well known and famous to both the general public and the motorcycling public for many years.

26.     In *H-D Michigan LLC v. Bryan C. Broehm*, Opposition No. 91177156, the Trademark Trial and Appeal Board of the United States Patent and Trademark Office ("Board") expressly held that the HARLEY-DAVIDSON, HARLEY, and Bar & Shield Logo marks were famous for motorcycles, apparel, and accessories. 2009 WL 1227921, at *5 (TTAB 2009).

27.     The Board's reviewing court, the Federal Circuit, has also recognized HARLEY-DAVIDSON as a well-known and famous mark. *See Ronda Ag v. Harley-Davidson, Inc.,* 1997 U.S. App. LEXIS 3597, *3-4 (Fed. Cir. Feb. 27, 1997).

## HARLEY-DAVIDSON'S TRADEMARK REGISTRATIONS
## FOR ITS FAMOUS MARKS

28.     In addition to its longstanding and strong common-law rights in the HARLEY-DAVIDSON mark, Harley-Davidson owns, among others, the following federal registrations for that mark:

| Mark | Reg. No.<br>Reg. Date | Goods and Services |
| --- | --- | --- |
| HARLEY-DAVIDSON | 3393840<br>03-11-2008 | House mark for a full line of clothing, footwear and headwear |
| HARLEY-DAVIDSON | 0507163<br>03-01-1949 | Motorcycle shirts, sweaters, breeches, neckties, coveralls, rain coats and hats, jackets, helmets, caps and boots |
| HARLEY-DAVIDSON | 1234404<br>04-12-1983 | Sunglasses and protective helmets for motorcyclists; Clothing-namely, jackets, pants, shirts, T-shirts, vests, jeans, riding suits, bandanas, rain suits, shorts, nightgowns, halters, underwear, tank tops, sweatshirts, night shirts, socks, gloves, hats, caps and boots |
| HARLEY-DAVIDSON | 1602474<br>06-19-1990 | Belt buckles |
| HARLEY-DAVIDSON | 1450348<br>08-04-1987 | Sweat pants, sweaters, suspenders, scarves, bandanas, leather clothing, namely, jackets, vests, gloves, jeans, chaps, tops, boots, shorts, caps, belts and parts of footwear, namely boot tips, among other products |

11

| Mark | Reg. No.<br>Reg. Date | Goods and Services |
|---|---|---|
| HARLEY-DAVIDSON | 0526750<br>06-27-1950 | Motorcycles and structural parts thereof, accessories-namely, intermediate stands, seats, foot rests and extensions, windshields, fender tips, exhaust stacks, grips, name plates, saddle covers, luggage carriers, foot pedal pads, tandem seats, foot rests, rear view mirrors |
| HARLEY-DAVIDSON | 1078871<br>12-06-1977 | Vehicles-namely, motorcycles |
| HARLEY-DAVIDSON | 1311457<br>12-25-1984 | Retail store services in the field of motorcycles, among others goods |

29.     In addition, Harley-Davidson owns, among others, the following federal

registrations for the Bar & Shield Logo:

| Mark | Reg. No.<br>Reg. Date | Goods and Services |
|---|---|---|
|  | 3393839<br>03-11-2008 | House mark for a full line of clothing, footwear and headwear |
|  | 1205380<br>08-17-1982 | Motorcycles; Clothing-namely, T-shirts |
|  | 3185946<br>12-19-2006 | Jackets, baseball hats, caps, shirts and T-shirts |
|  | 1511060<br>11-01-1988 | Clothing, namely, boots, sweat shirts, jeans, hats, caps, scarves, motorcycle riding suits, neck ties, shirts, t-shirts, jackets, vest, ladies tops, bandanas |
|  | 3447304<br>06-17-2008 | House mark for a full line of clothing |
|  | 1263936<br>01-17-1984 | Clothing-namely, t-shirts, jackets, blue jeans, sweat shirts, underwear, bandanas, headwear, socks, boots, cycle riding suits, belts and suspenders among other goods |

| Mark | Reg. No. Reg. Date | Goods and Services |
|---|---|---|
|  | 1660539 10-15-1991 | Ankle bracelets, bracelets, earrings, necklaces, rings, tie tacks, watch bands, watches, wall clocks, ornamental lapel pins, and stick pins; belts, decorative boot straps, leather bandanas, boot tips, chaps, denim pants, gloves, hats, caps, heel spurs, jackets, neckties, night shirts, pants, rain suits, shirts, socks, suspenders, sweaters, sweatshirts, tank tops, athletic shoes, shoes, boots, t-shirts, underwear, vests, and wristbands; belt buckles not made of precious metal, boot chains, and embroidered patches for clothing among other goods |
|  | 1711882 09-01-1992 | Embroidered patches for clothing |
|  | 1692178 06-09-1992 | Watches and jewelry pins |
|  | 1224868 01-25-1983 | Clothing-Namely, Jackets, T-Shirts, Tank Tops, Sweat Shirts, Bandannas, Hats, Caps, Boots, among other goods |
|  | 3058720 02-14-2006 | Retail store services and distributorships in the fields of motorcycles, motorcycle parts and accessories, footwear, clothing, jewelry, and leather goods; rendering technical assistance in the establishment, operation, and business promotion of retail stores; retail store services in the fields of motorcycles, motorcycle parts and accessories, footwear, clothing, jewelry, and leather goods therefor via a global computer network; dealerships in the fields of motorcycles, motorcycle parts and accessories, footwear, clothing, jewelry, and leather goods |
|  | 3559365 01-13-2009 | House mark for a line of motorcycles and various motorcycle parts |

As shown above, Harley-Davidson's rights in its Bar & Shield Logo extend to the mark's design, regardless of the wording contained within the design.

30. Harley-Davidson owns the following federal registrations, among others, for the HARLEY mark:

13

| Mark | Reg. No. Reg. Date | Goods and Services |
|---|---|---|
| HARLEY | 1406876 08-26-1986 | Clothing; namely--tee shirts for men, women and children; knit tops for women and girls; and children's shirts |
| HARLEY | 1683455 04-14-1992 | Shirts, tank tops, boots and sweatshirts |
| HARLEY | 1708362 8-18-1992 | Embroidered patches for clothing |
| HARLEY | 1352679 08-06-1985 | Motorcycles |

31.     The federal trademark registrations listed in paragraphs 28 to 30 above are prima facie evidence of Harley-Davidson's ownership and the validity of the Harley-Davidson Marks. Further, many of these registrations are incontestable, and thus constitute conclusive evidence of Harley-Davidson's exclusive right to use those marks for the products and services specified in those registrations pursuant to 15 U.S.C. §§ 1065 and 1115(b).

32.     In addition, Harley-Davidson owns the following Wisconsin state trademark registrations for its HARLEY-DAVIDSON, HARLEY, and Bar & Shield marks:

| Mark | Reg. Date | Goods and Services |
|---|---|---|
| HARLEY | 11-18-2009 | Motorcycles, motorcycle parts, jewelry, clothing, caps/headwear, leather goods, decals/stickers, patches, belt buckles, and signs. |
| HARLEY-DAVIDSON | 11-18-2009 | Motorcycles, motorcycle parts, jewelry, clothing, caps/headwear, leather goods, decals/stickers, patches, belt buckles, and signs. |
|  | 11-18-2009 | Motorcycles, motorcycle parts, jewelry, clothing, caps/headwear, leather goods, decals/stickers, patches, belt buckles, and signs. |
|  | 11-18-2009 | Motorcycles, motorcycle parts, jewelry, clothing, caps/headwear, leather goods, decals/stickers, patches, belt buckles, and signs. |

14

## DEFENDANT'S WRONGFUL ACTS

33.     Defendant uses and has used the Harley-Davidson Marks in a variety of unauthorized ways that falsely suggest and are likely to create the mistaken impression that Defendant's reconstructed and materially altered products are authorized, approved, and/or licensed by Harley-Davidson when they are not.

34.     Defendant has taken genuine licensed Harley-Davidson products bearing the Harley-Davidson Marks and materially altered and reconstructed those products to create new products and designs.

35.     Defendant has materially altered and reconstructed Harley-Davidson shirts and jackets in various ways including by cutting off the sleeves, shredding the bottom of the shirts, cutting open the side seams of the shirts, cutting the necklines, and/or removing Harley-Davidson hangtags, neck tags, and labels and replacing them with Defendant's own branding. Representative examples of the infringing products showing these material alterations, reconstructions, and mutilations are shown below.



15






16



36.    On certain products, Defendant has mutilated the Harley-Davidson Marks.  For example, the representative photograph below shows that Defendant has mutilated and materially altered the HARLEY-DAVIDSON mark by cutting a new neckline directly through the mark.



37.     Defendant has also removed the required Harley-Davidson hangtags for licensed merchandise from certain products and affixed its own hangtags bearing Defendant's mark "URBAN RENEWAL."  Defendant's  hangtags state that the products are "Vintage, Recycled, Remade," and "Urban Renewal collections use vintage or recycled materials that have been reconstructed into unique, modern designs" as shown below:



38.     Defendant has also removed the required Harley-Davidson neck tags and sewn its "URBAN RENEWAL" tags into the neckline of certain products.  Representative examples of such tags on products that were sold or are currently being sold by Defendant are shown below:

Case 2:14-cv-00298-RTR   Filed 03/18/14   Page 18 of 29   Document 1







39.     All of the unauthorized reconstructed and materially altered products sold by
Defendant bearing the Harley-Davidson Marks including, but not limited to the products
identified and shown above in paragraphs 33 to 38, are collectively referred to as the "Infringing
Products."

40.     The Infringing Products are not subject to the same standards, review, or approval
process as Harley-Davidson's authorized genuine products bearing Harley-Davidson Marks,
including without limitation Harley-Davidson's quality control measures.

41.     Defendant's statements about the nature, characteristics, and/or qualities of the
Infringing Products and/or Harley-Davidson's products are false, deceptive, and/or misleading.

42.     Defendant is not now, and never has been, authorized or licensed by Harley-
Davidson to engage in any of the complained-of activities.

20

## HARLEY-DAVIDSON'S OBJECTIONS TO
## DEFENDANT'S WRONGFUL ACTS

43.     On March 12, 2014, Harley-Davidson sent a cease-and-desist letter to Defendant, expressly setting forth Harley-Davidson's rights in the Harley-Davidson Marks, objecting to Defendant's unauthorized use of the Harley-Davidson Marks as described above, and requesting that Defendant provide written assurances by no later than March 14, 2014 that it would immediately stop selling the Infringing Products, among other things.  Harley-Davidson emphasized the seriousness of Defendant's willful infringement of its rights in the letter, that the matter needed to be resolved expediently, and that Harley-Davidson would not hesitate to take legal action if its concerns were not addressed promptly.

44.     On March 13, 2014, Defendant's counsel replied to Harley-Davidson's cease-and-desist letter stating, "It is the corporate policy of the Company not to infringe upon the valid intellectual property rights of others.  The Company is in the process of investigating this matter and will respond to you shortly."

45.     The same day, on March 13, 2014, Harley-Davidson's counsel replied to Defendant's counsel by email stating "We really do need to know Urban Outfitters' position tomorrow.  This is a serious infringement that needs to be addressed immediately."

46.     On March 14, 2014, Defendant's counsel responded by email, stating:  "The Company is addressing the matter raised in your letter, which is dated only two days ago, and will reply as soon as possible.  *I would not expect a reply before next week, at the earliest*." (emphasis added).

47.     As of the filing of this Complaint, neither Harley-Davidson nor its counsel has received a substantive response from Defendant or its counsel.

## INJURY TO HARLEY-DAVIDSON AND THE PUBLIC

48.     Defendant's actions described above have damaged and injured and, if permitted to continue, will further damage and injure Harley-Davidson, the Harley-Davidson Marks, Harley-Davidson's reputation and goodwill associated with those trademarks, Harley-Davidson's reputation for high-quality products and services, and the public interest in being free from confusion.

49.     Defendant's actions as described above have caused and are likely to continue to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and have falsely suggested and are likely to continue to falsely suggest a sponsorship, connection, license, affiliation, or association between Defendant and/or its products with Harley-Davidson.

50.     Defendant's actions described above are also likely to dilute the distinctiveness and value of the famous Harley-Davidson Marks and are likely to tarnish the famous Harley-Davidson Marks, thereby injuring Harley-Davidson.

51.     Defendant's actions described above have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, which has an inherent interest in being free from confusion, mistake, and deception.

52.     Defendant's actions described above have irreparably harmed and, if not enjoined, will continue to irreparably harm Harley-Davidson and the famous Harley-Davidson Marks.

53.     Harley-Davidson has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement Under Section 32(1)
### of the Lanham Act, 15 U.S.C. § 1114(1)

54.     Harley-Davidson hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 53 of this Complaint.

55. Defendant used and continues to use in commerce the Harley-Davidson Marks and reproductions, copies, and colorable imitations thereof in connection with the offering, sale, distribution, and advertising of goods, which are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products and commercial activities, and thus constitute infringement of Harley-Davidson's federally registered marks referred to in paragraphs 28 to 30 above in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56. The actions of Defendant described above have at all times relevant to this action been willful.

57. As a direct and proximate result of the actions of Defendant alleged above, Harley-Davidson has been damaged and will continue to be damaged.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, and Unfair Competition**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

58. Harley-Davidson repeats and realleges each and every allegation set forth in paragraphs 1 through 57 of this Complaint.

59. Defendant's actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products and commercial activities, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the Harley-Davidson Marks in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

60. The actions of Defendant described above have at all times relevant to this action been willful.

61. As a direct and proximate result of the actions of Defendant alleged above, Harley-Davidson has been damaged and will continue to be damaged.

23

### THIRD CLAIM FOR RELIEF
### Federal Unfair Competition Comprising
### False and Misleading Statements of Fact
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

62.     Harley-Davidson repeats and realleges each and every allegation set forth in paragraphs 1 through 61 of this Complaint.

63.     By engaging in the above-described activities, Defendant has made false and misleading representations of fact to consumers and potential consumers, in commercial advertising or promotion, misrepresenting the nature of its or another's products and services, or commercial activities in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

64.     The actions of Defendant described above have at all times relevant to this action been willful.

65.     As a direct and proximate result of the actions of Defendant alleged above, Harley-Davidson has been damaged and will continue to be damaged.

### FOURTH CLAIM FOR RELIEF
### Trademark Dilution Under Section
### 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

66.     Harley-Davidson repeats and realleges each and every allegation set forth in paragraphs 1 through 65 of this Complaint.

67.     Harley-Davidson has engaged in extensive nationwide advertising, promotion, and use of the Harley-Davidson Marks for many years.  Further, Harley-Davidson has had massive sales of its goods and services sold under the Harley-Davidson Marks for decades.

68.     The Harley-Davidson Marks have for many years received extensive unsolicited media attention nationwide.  Such extensive and frequent media attention and commercial success has had a substantial impact on the public and has long created an association in the

Case 2:14-cv-00298-RTR   Filed 03/18/14   Page 24 of 29   Document 1

minds of consumers between Harley-Davidson and the Harley-Davidson Marks, and the Harley-Davidson Marks are famous and were famous nationwide before Defendant commenced its unauthorized use of the Harley-Davidson Marks.

69. Defendant's actions described above, all occurring after the Harley-Davidson Marks became famous, are likely to cause dilution by blurring and/or dilution by tarnishment of the distinctive quality of those trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

70. The actions of Defendant described above have at all times relevant to this action been willful.

71. As a direct and proximate result of the actions of Defendant alleged above, Harley-Davidson has been damaged and will continue to be damaged.

## FIFTH CLAIM FOR RELIEF
### Trademark Infringement
### Under Wis. Stat. § 132 *et. seq.*

72. Harley-Davidson repeats and realleges each and every allegation set forth in paragraphs 1 through 71 of this Complaint.

73. Defendant's actions making use of the Harley-Davidson Marks with intent to deceive as to the affiliation, connection, or association of the Defendant with Harley-Davidson in the conduct of its business without the authorization of Harley-Davidson as set forth above constitutes statutory trademark infringement of Harley-Davidson's registered marks referred to in paragraph 32 above in violation of Chapter 132 of the Wisconsin Statutes.

74. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

75.     As a direct and proximate result of the actions of Defendant alleged above,

Harley-Davidson has been damaged and will continue to be damaged.

## SIXTH CLAIM FOR RELIEF
### Unfair Competition and Trade Practices
#### Under Wis. Stat. § 100.20

76.     Harley-Davidson repeats and realleges each and every allegation set forth in

paragraphs 1 through 75 of this Complaint.

77.     Defendant's actions described above constitute unfair methods of competition in

business and unfair trade practices in business in violation of Wis. Stat. § 100.20.

78.     Upon information and belief, the actions of Defendant described above have at all

times relevant to this action been willful.

79.     As a direct and proximate result of the actions of Defendant alleged above,

Harley-Davidson has been damaged and will continue to be damaged.

## SEVENTH CLAIM FOR RELIEF
### Common Law Trademark Infringement, Unfair
#### Competition, and Misappropriation

80.     Harley-Davidson repeats and realleges each and every allegation set forth in

paragraphs 1 through 79 of this Complaint.

81.     Defendant's actions described above constitute common law trademark

infringement, unfair competition, and misappropriation of Harley-Davidson's goodwill under the

common law of Wisconsin and other states.

82.     The actions of Defendant described above have at all times relevant to this action

been willful.

83.     As a direct and proximate result of the actions of Defendant alleged above,

Harley-Davidson has been damaged and will continue to be damaged.

# PRAYER FOR RELIEF

WHEREFORE, Harley-Davidson prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.      An injunction preliminarily and permanently enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, retailers, and all persons in active concert or participation with any of them:

1.      From using the HARLEY-DAVIDSON, HARLEY, and Bar & Shield Logo trademarks, any other trademarks owned by Harley-Davidson, and any trademarks and logos that are confusingly similar to or likely to dilute or tarnish any such marks, in any unauthorized manner, including, but not limited to, use on unauthorized material alterations and/or reconstructions of genuine products bearing the Harley-Davidson Marks;

2.      From removing, altering, or mutilating the Harley-Davidson Marks and other branding of Harley-Davidson from genuine products bearing the Harley-Davidson Marks including, but not limited to, removing or altering labels, hangtags, and packaging and mutilating the Harley-Davidson Marks;

3.      From adding or using Defendant's own branding, including but not limited to its URBAN RENEWAL brand, to or in connection with genuine products bearing the Harley-Davidson Marks including, but not limited to, on labels, hangtags, and packaging;

4.      From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities

27

undertaken by Defendant, are authorized, licensed, or otherwise affiliated with Harley-Davidson; and

     5.     From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs A.1-4 above.

B.     An Order directing Defendant to destroy all Infringing Products.

C.     An Order directing Defendant to file with this Court and serve on Harley-Davidson's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

D.     An Order requiring Defendant to account for and pay to Harley-Davidson any and all profits arising from the foregoing acts of infringement, dilution, false designation of origin, false advertising, unfair competition, and an increasing of such profits for payment to Harley-Davidson in accordance with 15 U.S.C. § 1117, Wis. Stat. §§ 100 *et. seq.*, 132 *et. seq.*, and other applicable statutes and laws;

E.     An Order requiring Defendant to pay Harley-Davidson compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, dilution, false designation of origin, unfair competition, and trebling such compensatory damages for payment to Harley-Davidson in accordance with 15 U.S.C. § 1117, Wis. Stat. §§ 100 *et. seq.*, 132 *et. seq.*, and other applicable statutes and laws;

F.     An Order requiring Defendant to pay Harley-Davidson punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendant;

28

G.     An Order requiring Defendant to pay Harley-Davidson's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117, and other applicable statutes and laws; and

H.     Other relief as the Court may deem appropriate.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Harley-Davidson respectfully demands a trial by jury for all claims so triable.

Dated this 18th day of March, 2014.          **MICHAEL BEST & FRIEDRICH LLP**

By:   s/Katherine W. Schill
          ————————————————————
          Katherine W. Schill, SBN 1025887
          100 East Wisconsin Avenue
          Suite 3300
          Milwaukee, WI  53202-4108

          OF COUNSEL:

          David M. Kelly
          Stephanie H. Bald
          Anjie Vichayanonda
          KELLY IP, LLP
          1330 Connecticut Ave., N.W.
          Suite 300
          Washington, D.C. 20036
          Telephone:  202-808-3570
          Facsimile:  202-354-5232

          Attorneys for Plaintiffs
          H-D U.S.A., LLC and Harley-Davidson Motor
          Company Group, LLC